UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RAFAEL CRUZ,                                                **NOT FOR PUBLICATION**

        Plaintiff,

                                                           **MEMORANDUM & ORDER**
    v.                                                     04-CV-3104 (NGG) (CLP)

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
-----------------------------------------------------------X
GARAUFIS, United States District Judge.

       Rafael Cruz ("Plaintiff") brings this action pursuant to sections 405(g) and 1383(c)(3) of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 1383(c)(3). The *pro se* Plaintiff challenges Commissioner of Social Security Jo Anne B. Barnhart's ("Commissioner") final determination denying his application for Social Security disability benefits. Specifically, the Plaintiff contends that substantial evidence does not support the Administrative Law Judge's conclusions that he provided insufficient evidence to show that he did not derive income from the use of his vehicle above the maximum to qualify for Supplemental Security Income ("SSI"), and that evidence submitted after the hearing shows that he no longer owns the vehicle. Now before the court is the Defendant's motion for judgment on the pleadings. For the reasons set forth below, the Defendant's motion is GRANTED.

**I.    Background**

    *A.    Procedural History*

       The Plaintiff filed an application for Social Security disability benefits on September 19, 2000, alleging that on March 26, 2000 he became disabled when he sustained injury from a gunshot wound to the neck. (Transcript of the Record ("Tr.") at 15, 16, 51, 53, 103.) The Social

1

Security Administration denied the application in the first instance and again upon reconsideration on February 26, 2001. (Id. at 38-40.) After a hearing on November 6, 2001 (id. at 85-125), Administrative Law Judge ("the ALJ") Marilyn P. Hoppenfeld determined that the Plaintiff was not eligible for disability benefits. (Id. at 8-14.) This decision became final on May 25, 2004, when the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. (Id. at 4-6.) This *pro se* action to challenge the Commissioner's final decision was timely filed in accordance with 42 U.S.C. § 405(g). On May 18, 2005, the Commissioner moved for a judgment on the pleadings.

      *B.*      *Factual Background*

The Plaintiff was born in the Dominican Republic on July 8, 1942. (Id. at 15, 16, 99-100.) Between 1987 and 2000, after suffering a disability that rendered him unable to walk, he worked one to two days a week as a taxi driver. (Id. at 102-03.) Plaintiff Cruz speaks and understands Spanish, and does not speak or understand English. (Id. at 11, 87.)

Beginning in 2000, Plaintiff made $800 monthly payments to "Blue Shirt Enterprises" in order to purchase an automobile, a 1994 Lincoln, for use as a taxi. (Id. at 78-79, 103, 104.) Cruz became the owner of the automobile on February 7, 2001. (Id. at 78-79.) At the time of Cruz's application for SSI, the car was registered, insured, and certified in his name as a "for hire passenger vehicle" by New York State. (Id. at 76-79.)

On March 26, 2000, Cruz was shot in the neck. (Id.) Plaintiff testified that after the shooting, Rafael Pena a.k.a. Delacruz,[1] a friend, made an oral agreement with him that Delacruz would drive the taxi and make the appropriate payments on the car himself. (Id. at 19, 20.)

Plaintiff's September 19, 2000 application for SSI acknowledged that he received $800 per month since April 2000 from "Rafael Pena," id. at 22, and stated that "Rafael Pena drives my taxi and pays me 800.00 a month for it's [sic] use." Id. at 26. An unsigned and undated amendment to this application also states that Cruz received $800 monthly from "Rafael Pena." Id. at 29. Plaintiff's SSI application was denied because $800 per month exceeds the maximum allowable non-excludable income to qualify for SSI.

In his request for reconsideration, Cruz wrote that "I do not receive money from Rafael Pena. Mr. Pena drives my taxi but the money he receives when he is driving he pays the cab company and the insurance. I do not receive any money. I was not provided with a Spanish interpretor [sic]. I miss understood [sic] the question." (Id. at 36.) In the record as Exhibit 10, and in English translation as Exhibits 15 and 16, are letters from "Rafael Pena." The first letter, dated September 20, 2000, states that "I don't give [Cruz] any money . . . . [because] I have to pay for the IOU's of the company he is indebted to." (Id. at 70.) The second letter, dated October 27, 2000 from "Rafael Pena" states that "the money that I pay [Rafael Cruz], I give it to the company of the car, also the insurance. To Mr. Cruz I give nothing." Id. at 69.

In the hearing, Cruz indicated that he had a representative who was not present, but then waived representation and requested to proceed without representation after the ALJ offered him

---

[1] There is some confusion as to the true name of Plaintiff's witness. Cruz and some documents refer to the witness as "Rafael Pena." Id. at 57, 69, 104-06. However, the witness's hearing testimony and official documents show that his real name is Rafael Delacruz. Id. at 74, 109-10. Accordingly, this decision will refer to the witness as "Rafael Delacruz."

the opportunity to adjourn. (Id. at 87-89). Cruz stated that it was his home attendant, and not he, who mistakenly told the Social Security Administration ("SSA") that he received $800 per month directly from Rafael Delacruz. (Id. at 104.) Delacruz appeared as a witness on Cruz's behalf. Cruz and Delacruz testified that Delacruz does not pay Cruz anything for use of the car, and instead pays for all expenses related to the car directly, including the cost to obtain title, expenses from the Taxi and Limousine Commission, insurance, gas, and repairs. (Id. at 106, 114-17.) Delacruz further testified that he did not change the state authorization to operate a taxi from Cruz's name to his because it would have cost him an additional $4,000. (Id. at 26.) When questioned by the ALJ about where payments were made, Cruz and Delacruz were unable to state the name of the company. (Id. at 104, 116.) Delacruz was unable to provide to the ALJ any receipts or other documents that might indicate who pays for the expenses related to the vehicle. (Id. at 115.)

On December 26, 2002, the ALJ determined that, based on the evidence in the record, the Commissioner properly denied Cruz's SSI application because "[t]here is insufficient proof that Mr. Pena a.k.a. Delacruz did not pay the claimant $800.00 for driving the [1994 Lincoln]." (Id. at 13.) In requesting review of the hearing, Plaintiff wrote that "I do not have a car and I'm submitting evidence and sending it with appeals. The only income that I receive is welfare." (Id. at 82.) He enclosed a copy of a new insurance certificate for the 1994 Lincoln that states that since March 1, 2002, it has been insured by "Rides;R;Us;Inc." (Id. at 84.) The Appeals Council denied review on May 25, 2004. (Id. at 4-6.) This *pro se* action followed.

## II. APPLICABLE LAW

The SSI program "provides benefits to aged, blind, or disabled individuals who meet the statutory income and resource limitations." Gordon v. Shalala, 55 F.3d 101, 101 (2d Cir. 1995),

4

cert. denied, 517 U.S. 1103 (1996) (citing 42 U.S.C. § 1382 and 20 C.F.R. Part 416, Subpart K). SSI recipients receive a flat monthly rate reduced by the amount non-excludable income received by the individual. 42 U.S.C. § 1382(b); 20 C.F.R. §§ 416.1100 and 416.1104.[2] "Income" is defined as anything received in cash or in-kind that can be used by the recipient to obtain food, clothing or shelter. 20 C.F.R. § 416.1102. However, "bills paid by a third-party on behalf of an SSI recipient are not considered income in determining the amount of benefits to which the recipient is entitled" if those payments are for items other than food, clothing, or shelter. Ellis v. Apfel, 147 F.3d 139, 141 (2d Cir. 1998) (citing 20 C.F.R. § 416.1103(g)).

To show that applicants meet SSI eligibility requirements, the Commissioner requires applicants to furnish information and documents to prove eligibility. 20 C.F.R. § 416.200. The Commissioner may properly draw negative inferences regarding the eligibility of an applicant who does not provide sufficient information regarding her eligibility. See Shabtai v. Barnhart, 34 Fed. Appx. 21, 22 (2d Cir. 2002); Ciccone v. Sec'y of Health and Human Svcs., 861 F.2d 14, 17 (2d Cir. 1988); see also Price v. Chater, 910 F. Supp. 82, 83 (E.D.N.Y. 1995). Thus, the burden is on the plaintiff to provide sufficient information to show a lack of earnings. Cf. Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982) (noting the difficulty in defining burdens in the context of SSI, except that "[i]t is undisputed that when a claimant applies for disability

---

[2] The maximum non-excludable income for SSI recipients in New York was $617.00 in 2000, $637.00 in 2001, and $652 in 2002. See 20 C.F.R. § 416.1124(c) (first $20 in unearned income not counted towards maximum); http:policy.ssa.gov/poms.nsf/lnx/0501415032!opendocument (maximum income in 2000) (last visited Oct. 24, 2005); http:policy.ssa.gov/ poms.nsf/lnx/ 0501415033!opendocument (maximum income in 2001) (last visited Oct. 24, 2005); http:policy.ssa.gov/poms.nsf/lnx/0501415034! opendocument (maximum income in 2002) (last visited Oct. 24, 2005) .

benefits the burden is on the claimant to establish disability for the period for which benefits are sought.")

It is "well settled that the Secretary's findings of fact may not be disturbed on review unless not supported by 'substantial evidence.'" Adams v. Weinberger, 521 F.2d 656, 658 (2d Cir. 1975). See 42 U.S.C. § 405(g); Hecht v. Barnhart, 217 F. Supp. 2d 356, 362 (E.D.N.Y. 2002). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 229, 28 L. Ed. 2d 842, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 83 L. Ed. 126, 59 S. Ct. 206 (1938)). In determining whether such substantial evidence exists, the court "must not look at the supporting evidence in isolation, but must view it in light of the other evidence in the record that might detract from such finding, including, any contradictory evidence and evidence from which conflicting inferences may be drawn." Beckles v. Barnhart, 340 F. Supp. 2d 285, 287 (E.D.N.Y. 2004) (quoting Rivera v. Sullivan, 771 F.Supp. 1339, 1351 (S.D.N.Y. 1991)). "Although factual findings by the Commissioner are 'binding' when 'supported by substantial evidence,' 'where an error of law has been made that might have affected the disposition of the case, th[e] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual finding of the ALJ.'" Pollard v. Halter, 377 F.3d 183, 188-89 (2d Cir. 2004) (quoting Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)).

In addition, this court must determine that the plaintiff had "a full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act." Gold v. Secretary of HEW, 463 F.2d 38, 43 (2d Cir. 1972). The Second Circuit has described the weighing of evidence in SSI cases as "elusive" because:

> [P]roceedings for determination of a claimant's entitlement to benefits are not designed to be adversarial; the Secretary is not represented by counsel before the ALJ, and if the claimant is not represented by counsel the ALJ has an obligation "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts . . . ."

Schauer v. Schweiker, 675 F.2d at 57 (quoting Hankerson v. Harris, 636 F.2d 893, 895 (2d Cir. 1980) (internal quotations and citations omitted). In hearings such as the one in the instant matter, in which "'the claimant is handicapped by lack of counsel, ill health, and inability to speak English . . . the courts have a duty to make a 'searching investigation' of the record." Donato v. Secretary of HHS, 721 F.2d 414, 418 (2d. Cir. 1983) (quoting Hankerson v. Harris, 636 F.2d 893, 895 (2d Cir. 1980). Hence, "the ALJ must make credibility findings when there is conflicting evidence with respect to a material issue . . . ." Id. at 418.

### III. DISCUSSION

*A. The ALJ's Decision*

In her decision, the ALJ upheld the Secretary's denial of Cruz's application because "[b]ased on the aforementioned evidence - the Certificate of Title, Liability Insurance and Mr. Cruz's driver's license, and despite the claimant's and the witness' testimony, there is no evidence that the claimant did not receive income from [the 1994 Lincoln's] use as a taxi." (Tr. at 13.)

The ALJ's finding that Cruz's testimony and Delacruz's testimony provide "no evidence" is in error. Testimony and hearsay statements are evidence in an SSI hearing if they tend to prove or disprove any material fact. See 42 U.S.C. § 405(b)(1) (all evidence inadmissible under rules of evidence in court may be considered by Commissioner at hearing). Here, Cruz offered his and Delacruz's hearsay statements and testimony to show that Delacruz directly pays taxi-related expenses. Had the ALJ found that Delacruz directly paid taxi-related

expenses on Cruz's behalf, the SSA would have considered this income "excludable" and Cruz's SSI application presumably would have been accepted. 20 C.F.R. § 416.1103(g). As such, it clearly is evidence admissible in an SSI hearing. In disregarding this evidence, the ALJ did not make credibility determinations against Cruz and Delacruz, and did not weigh the evidence before her as required by the Act.[3]

Moreover, the ALJ did not develop the record as to whether the post-application statements and testimony of Cruz and Delacruz were credible. Although Cruz stated in his reconsideration request that he could not complete the SSI application himself because he does not speak English, in the hearing the ALJ did not ask what he understood, if anything, from the application. The ALJ also did not ask Cruz if he knew why his home attendant incorrectly wrote that he received $800.00 per month from Delacruz, or what he told his home attendant that she misconstrued.

The ALJ also failed to adequately probe Cruz's and Delacruz's post-application statements that Delacruz made all taxi-related payments himself. For example, the ALJ should have asked how Cruz was presently able to pay for food, clothing, and shelter given that Cruz, in his SSI application, stated that he had no income apart from Delacruz's payments. Additionally, the ALJ should have questioned Cruz about the specifics of his agreement with Delacruz regarding use of the taxi. The ALJ also could have questioned Delacruz regarding the manner in which the payments were made. The answers to these questions would have helped the ALJ to

---

[3] The Commissioner incorrectly suggests that the ALJ determined Cruz's witness not credible because he could not remember the name of the company that he made the payments to in the hearing. (Mem. Supp. Commisioner's Mot. J. at 9.) The ALJ in her decision is silent regarding why she considered Cruz's and Delacruz's testimony and hearsay statements "no evidence." See Tr. at 11-13.

weigh whether the SSI application statements or Cruz's and Delacruz's post-application statements were credible. Accordingly, the ALJ failed to afford Plaintiff his right to a full and fair hearing. Donato, 721 F.2d at 418-419.

Nevertheless, a review of the evidence shows that the ALJ's decision is supported by substantial evidence. An ALJ may afford greater weight to hearsay statements than direct testimony, if the statements are reliable. See United States v. Int'l Brotherhood of Teamsters, 978 F.2d 68, 72 (2d Cir. 1992). Compare Evosevich v. Consolidation Coal Co., 789 F.2d 1021, 1026 (3d Cir. 1986) (citing Richardson v. Perales, 402 U.S. 389, 28 L. Ed. 2d 842, 91 S. Ct. 1420 (1971) (finding that a hearsay medical report constitutes substantial evidence because it is reliable) with McClees v. Sullivan, 879 F.2d 451, 453 (8th Cir. 1989) (holding that the ALJ's "exclusive reliance" on an anonymous summary report was not supported by substantial evidence). The "opportunity to cross-examine the declarant" and corroboration by other evidence are indicia of the reliability of the hearsay statement. Int'l Brotherhood of Teamsters, 978 F.2d at 72.

The statements made on Cruz's SSI application are not reliable on their own. Although signed by Cruz, (id. at 27), the application and all statements made in the application are in English (see id. at 15-27), a language that Cruz does not speak or understand. However, other evidence before the ALJ shows that Cruz in fact derived income from Delacruz's use of the taxi. The uncontested evidence is that Cruz owned the car and that Delacruz made substantial earnings from its use as a taxi, which suggests that Cruz would expect to derive a benefit from its use. Cruz's SSI application states that during the relevant period he did not receive any public benefits, and had no source of income to pay for food, shelter, and clothing other than the income from Delacruz. (Tr. at 22.) Cruz's failure to explain how he pays for food, shelter and

9

lodging supports the inference that he receives income from Delacruz. In response to the ALJ's questions about his alleged car payments, Delacruz stated that he made weekly direct payments to the car's previous owner for a total of about $14,000 over nearly one year to purchase the car in Cruz's name. However, Delacruz could not remember the name of the company to which he sent payments. (Id. at 111, 117.) Delacruz, in spite of specific instructions by the ALJ, did not provide any documentary evidence, such as receipts or tax statements, to support his testimony. (Id. at 118-19.) I conclude from the lack of support for Cruz's testimony and the inconsistencies in and and the lack of documentary support for Delacruz's testimony that the SSI application statements are more credible than Cruz's and Delacruz's post-application statements. See Shabtai v. Barnhart, 34 Fed. Appx. 21, 22 (2d Cir. 2002).

In conclusion, the ALJ in Plaintiff's hearing incorrectly dismissed Cruz's evidence and did not engage in a "searching investigation" of the facts. The ALJ's failure to develop a full record is especially troubling because the plaintiff was unrepresented, is in ill health, and does not speak English. Nevertheless, I find that substantial evidence supports the ALJ's finding that Cruz did not meet his burden to show that he did not receive $800 per month in income from Delacruz for use of the taxi. See Ciccone v. Sec'y of Health and Human Svcs., 861 F.2d 14, 17 (2d Cir. 1988).

  B.  *The Appeals Council's Rejection of Further Evidence Submitted by Plaintiff*

In the hearing, the Plaintiff admitted that he owned the car from which the ALJ determined that he derived income. (Tr. at 106.) In his request for review to the Appeals Council, Plaintiff submitted a letter dated February 10, 2003, stating that the 1994 Lincoln "does not belong to me," and enclosing a New York State Department of Motor Vehicles insurance certificate which states that the 1994 Lincoln is no longer insured by him but rather by

"Rides;R;Us;Inc." (Tr. at 82-84.) The effective date of this certificate was March 1, 2002 through March 1, 2003. (Id. at 84.) The Appeals Council denied review and did not comment on this further evidence.

A court reviewing the denial of an SSI application may order that the Commissioner take additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42. U.S.C. § 405(g). Materiality "requires . . . a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988).

Plaintiff had good cause not to bring the new insurance information to the attention of the ALJ, because the change in the insurance policy came about in February, 2002, after the hearing took place. However, this evidence is not material. The relevant period is from March, 2000, when Plaintiff became disabled, through November, 2001, the time of Plaintiff's hearing. See, e.g., Pollard v. Halter, 377 F.3d 183, 193-94 (2d Cir. 2004) (holding that materiality may be shown if evidence is probative for any period from the application until the hearing). Plaintiff does not contest that during this period he owned the car in question. Moreover, the new evidence tends to show that Cruz is no longer the holder of the insurance policy, but does not establish that he is not the owner or authorized to use the vehicle as a taxi, or that he no longer derives income from the use of the car. As a result, the information does not present a "reasonable possibility" that the Commissioner would view his application differently. Tirado, 842 F.2d at 597. Accordingly, the new evidence of car ownership after November, 2001 is not material and requires no further action by the Commissioner.

A final note in this matter is warranted. In his hearing, Plaintiff's testimony suggests that he unsuccessfully attempted to secure the services of a representative for his SSI hearing. (Tr. at 87-88.) In his appeal, Plaintiff applied to this court for the appointment of counsel to assist him because he cannot afford to hire an attorney. (P. Mot. Appoint Counsel.) I denied his application, instructing Plaintiff that there is no right to counsel for an appeal of an adverse SSI determination, and finding that he had not shown that his position was "likely to be of substance." (Apr. 12, 2005 Order at 1.) See Ferelli v. River Manor Health Care Center, 323 F.3d 196, 204 (2d Cir. 2003) (construing 28 U.S.C. § 1915(e)(1)). I find from the record that there is substantial evidence supporting the Commissioner's denial of Plaintiff's SSI application. However, if Cruz believes that his circumstances have changed and that he is now eligible for SSI benefits, but that he cannot afford an attorney, he is free to consult with a local legal aid or legal services office that may be able to provide free legal assistance to him in considering whether to reapply for SSI.

## III. CONCLUSION

For the foregoing reasons, the Commissioner's motion is GRANTED.

SO ORDERED.

Dated: October 31, 2005                      /s/ Nicholas Garaufis
      Brooklyn, NY                           NICHOLAS G. GARAUFIS
                                                       United States District Judge